ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ELYSE DICKERSON, | § § | |
| PLAINTIFF, | § § | |
| vs. | § § | Case No. 4:16-cv-305-A |
| NOVARTIS CORPORATION AND ALCON LABORATORIES, INC., | § § § | |
| DEFENDANTS. | § § | |

## JOINT STATUS REPORT

Pursuant to the Court's Status Report Order dated May 2, 2016 (Dkt. No. 82), and the Court's Order dated May 20, 2016 (Dkt. No. 84), Plaintiff, Elyse Dickerson, and Defendants, Novartis Corporation and Alcon Laboratories, Inc., hereby submit this Joint Status Report.

**1. Nature of the Case and Contentions of the Parties**

This case arises from Plaintiff Elyse Dickerson's employment with Defendant Alcon Laboratories, Inc. ("Alcon"), a wholly-owned corporate subsidiary of Defendant Novartis Corporation ("Novartis"). Plaintiff brings statutory claims against both Defendants for alleged unlawful pay discrimination based on gender, unlawful discharge based on gender, and unlawful retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, as amended; unlawful pay discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 201, *et seq.*; violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* for terminating Plaintiff Dickerson while she was on protected medical; and defamation claims.

### A. Plaintiff's Contentions

Plaintiff asserts that Defendants unlawfully discriminated against Plaintiff based on her gender, unlawfully retaliated against Plaintiff for opposing gender discrimination, and defamed Plaintiff after she filed her initial complaint in this action in order to discredit her. Without limiting the allegations set forth in her complaint, Plaintiff summarizes briefly here. Plaintiff maintains that for years Defendants paid Plaintiff, a female marketing director, less than similarly situated male marketing directors whose work responsibilities were nearly identical to Plaintiff's. After enduring years of gender discrimination, Plaintiff became a vocal opponent of gender discrimination at the company. In response, Plaintiff contends, Defendants retaliated against Plaintiff by, *inter alia*, downgrading her annual performance ratings without justification, launching a retaliatory investigation into activities dating back years in order to contrive a reason to terminate her, and ultimately terminating her just weeks before three-quarters of a million dollars' worth of stock were scheduled to vest. After Plaintiff filed her initial complaint in this action, Plaintiff alleges that Defendants libeled and defamed Plaintiff's by misrepresenting the reasons for her termination in numerous outlets, including the *Wall Street Journal* and an email that was sent to all Alcon associates.

### B. Defendants' Contentions

From Defendants' perspective, this is a simple case of an employee who was terminated for cause and was never subjected to any type of employment discrimination. Subject to and without limiting the denials and affirmative defenses set forth in Defendants' Answers to Plaintiff Dickerson's Amended Complaint filed on February 5, 2016, Defendants deny Plaintiff Dickerson's material allegations and assert that at all times they complied with all applicable laws. Defendants specifically contend that Plaintiff Dickerson's claim that she was paid less

than similarly situated men is without merit and that any purported difference in pay would have been based on legitimate, non-discriminatory factors and a "factor other than sex," which does not constitute a violation of Title VII or the Equal Pay Act. Defendants also contend that Plaintiff Dickerson's retaliation claim is equally unavailing because there is no causal connection between Plaintiff Dickerson's purported protected activity and any adverse actions she alleges. For the same reasons, Defendants assert that Plaintiff Dickerson's termination did not violate the Family Medical Leave Act. Defendants also contend that Plaintiff Dickerson was terminated for cause due to her violation of the company's Code of Conduct and any statements made regarding her termination are true and were not injurious to Plaintiff Dickerson's reputation. Defendants maintain there is no evidence that the reasons for Plaintiff Dickerson's termination were pretextual. Defendants further maintain that Plaintiff Dickerson has not been injured by their conduct and, to the extent Plaintiff Dickerson has suffered any injuries, Defendants are not liable for such injuries, and Plaintiff Dickerson is not entitled to any relief. Finally, to the extent Plaintiff Dickerson's claims are based upon statutes which provide for attorneys' fees to the prevailing party, Defendants believe that they are entitled to such fees and all costs reasonably necessary to defend this action.

### 2. Challenges to Jurisdiction or Venue

There are no challenges to jurisdiction or venue.

### 3. Pending or Contemplated Motions

There are no motions pending at this time. Plaintiff anticipates that it may be necessary to file motions to compel Defendants to produce various documents that Defendants have withheld from production; among other things, Defendants have refused to produce any records from the Novartis Business Practices Office investigation that Defendants explicitly referred to

3

in Plaintiff's termination letter as their pretextual justification for terminating Plaintiff. Additionally, Plaintiff will respond to any motions filed by Defendants.

### 4. Matters Which Require a Conference with the Court

There are no matters that require a conference with the Court at this time.

### 5. Joinder of Other Parties

The parties do not anticipate joining any other parties at this time.

### 6. Requested Trial Date, Estimated Length of Trial, and Jury Demand

The parties request that trial commence on August 14, 2017. Plaintiff anticipates that she will need three days to present her evidence, and Defendants anticipate that they will need an additional two days to present their evidence. A jury has been demanded.

### 7. Settlement Report

An-in person settlement conference was held between 9:00 am and approximately 3:30 pm on Tuesday, June 7, 2016, at the offices of Whitaker Chalk Swindle & Schwartz PLLC, 301 Commerce Street, Suite 3400, Fort Worth, Texas 76102. John Allen Chalk served as a mediator facilitating settlement discussions. The conference was attended in person by the following individuals with full authority to settle all claims made in this suit:

    Elyse Dickerson, Plaintiff
    David Sanford, Esq., Lead Counsel for Plaintiff
    David Fielding, Esq., Counsel for Plaintiff
    Alexandra Harwin, Esq., Counsel for Plaintiff
    Allison Carroll, Esq., Counsel for Plaintiff
    Kerry Scanlon, Esq., Lead Counsel for Defendant Alcon Laboratories, Inc.
    Lars Berg, Esq., Counsel for Defendant Alcon Laboratories, Inc.
    Jason Marks, Esq., Representative for Defendant Alcon Laboratories, Inc.
    John Kelly, Esq., Representative for Defendant Alcon Laboratories, Inc.
    Heather McDevitt, Esq., Lead Counsel for Defendant Novartis Corporation
    Michael McCabe, Esq., Counsel for Defendant Novartis Corporation
    Marc Hennes, Esq., Representative for Defendant Novartis Corporation
    Robert Allen, Esq., Representative for Zurich Insurance Group

The parties were not successful in resolving this matter.

### 8. Proposed Discovery Plan as Contemplated by Fed. Civ. Pro. Rule 26(f)(3)

(A) **Initial Disclosures.** The parties completed their respective initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on January 26, 2016.

(B) **Discovery Schedule and Subjects of Discovery.** Plaintiff intends to conduct discovery on all issues relevant to Plaintiff's claims of gender-based discrimination in pay, unlawful termination, unlawful retaliation, violation of the Family and Medical Leave Act, and defamation claims. Anticipated discovery includes but is not limited to: (a) personnel information pertaining to Plaintiff Dickerson and similarly situated male employees (including but not limited to compensation information, performance metrics, and job responsibilities); (b) complete records of Defendants' investigation(s) into Plaintiff Dickerson, including records of any investigation by the Novartis Business Practices Office; (c) communications by employees or agents of Defendants regarding Plaintiff Dickerson, including but not limited to allegedly defamatory communications; (d) Defendants' employment and human resources policies, practices, and procedures relevant to the claims or defenses in this action; and (e) depositions of Plaintiff Dickerson, Plaintiff Dickerson's former supervisors, male employees similarly situated to Plaintiff Dickerson, persons involved in any investigation, including third-party vendor Ethis Communications, Inc., into Plaintiff Dickerson, persons involved in Plaintiff Dickerson's termination, persons involved in Plaintiff Dickerson's defamation, and corporate designees regarding Defendants' employment and human resources policies, practices, and procedures. The parties believe that fact discovery should be completed approximately 180 days before trial, but no sooner than February 16, 2017, and expert discovery should be completed approximately

130 days prior to trial, but no sooner than April 6, 2017. The parties do not believe discovery should be conducted in phases, limited or focused on particular issues.

(C) **Electronically Stored Information.** Plaintiff is seeking the disclosure and discovery of electronically stored information, including various emails and payroll data. The parties are still negotiating the terms concerning the scope of discovery of electronically stored information, including the form or forms in which it should be produced.

(D) **Claims of Privilege or Protection of Trial-Preparation Material.** Defendants have withheld production of numerous documents based on assertions on privilege, including records from the Novartis Business Practices Office investigation that Defendants referenced in Plaintiff's termination letter. However, Defendants have failed to produce a privilege log as contemplated by Fed. Rule Civ. Pro. 26(b)(5) with respect to these documents or to otherwise detail or specify their claims of privilege. Plaintiff's contention is that records of the Novartis Business Practices Office investigation into Plaintiff are not privileged or, alternatively, that the privilege was waived when Defendants explicitly referred to this investigation as their pretextual justification for terminating Plaintiff. Additionally, Plaintiff disputes certain other privilege objections asserted by Defendants. The parties reserve all rights to raise, or dispute, any other privilege or trial preparation objections raised by the other party.

(E) **Changes or Limitations on Discovery.** Plaintiff requests leave to take in excess of ten depositions if necessary, as many potential witnesses in this matter are located in or near the New York City metropolitan area and cannot be subpoenaed to appear for trial in the Northern District of Texas. The parties are unaware of any other changes that should be made to the limitations on discovery imposed under these rules or by local rules at this time.

(F)     **Other Orders.**  The parties are unaware of any other orders the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

### 9. Other Matters Relevant to the Status and Disposition of This Case

In light of the severance of Plaintiff's claims from those of the other Plaintiffs listed in the Amended Complaint (Dkt. Nos. 34, 42, and 44) and the transfer of Plaintiff's claims from the Southern District of New York to the Northern District of Texas, the parties agree that Plaintiff shall file an amended individual complaint by July 15, 2016.


Respectfully submitted,

David W. Sanford (*admitted pro hac vice*)
**SANFORD HEISLER KIMPEL, LLP**
1666 Connecticut Avenue NW, Suite 300
Washington, DC 20009
Phone: (202) 499-5201
Fax: (202) 499-5199
dsanford@sanfordheisler.com

Alexandra Harwin (*admitted pro hac vice*)
Andrew Melzer *(admitted pro hac vice)*
**SANFORD HEISLER KIMPEL, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Phone: (646) 402-5650
Fax: (646) 402-5651
aharwin@sanfordheisler.com
amelzer@sanfordheisler.com

Felicia M. Medina (*admitted pro hac vice*)
**SANFORD HEISLER KIMPEL, LLP**
111 Sutter Street, Suite 975
San Francisco, CA 94104
Phone: (415) 795-2020
Fax: (415) 795-2021
fmedina@sanfordheisler.com

David Fielding (State Bar No. 06974500)
**CANTEY HANGER LLP**
600 W. 6th Street, #300
Fort Worth, TX 76102
Phone: (817) 877-2827
Fax: (817) 333-2927
dfielding@canteyhanger.com
acarroll@canteyhanger.com

*Counsel for Plaintiff*

/s/ Kerry Alan Scanlon
Kerry Alan Scanlon *(admitted pro hac vice)*
Jeremy White *(admitted pro hac vice)*
**KAYE SCHOLER LLP**
901 15th St. NW
Washington, DC 20005
Phone: (202) 682-3500
Fax: (202) 682-3580
kerry.scanlon@kayescholer.com
jeremy.white@kayescholer.com

Lars Berg
**KELLY HART & HALLMAN LLP**
201 Main Street Suite 2500
Fort Worth, TX 76102
Phone: (817) 332-2500
Fax: (817) 878-9280
lars.berg@kellyhart.com

*Counsel for Defendant Alcon Laboratories, Inc.*

*[signature]*

Heather McDevitt *(admitted pro hac vice)*
Danielle Audette *(admitted pro hac vice)*
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, NY 10036
Phone: (212) 819-8200
Fax: (212) 354-8113
hmcdevitt@whitecase.com
daudette@whitecase.com

Michael A. McCabe
Munck Wilson Mandala, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, TX 75251
Phone: (972) 628-3609
Fax: (972) 628-3616
mmccabe@munckwilson.com

*Counsel for Novartis Corporation*